```
                IN THE UNITED STATES DISTRICT COURT
                 FOR THE SOUTHERN DISTRICT OF OHIO
                          EASTERN DIVISION
```

**RONDA BOWMAN,**

        **Plaintiff,**

  vs.                                     Civil Action 2:08-CV-702
                                           Judge Marbley
                                           Magistrate Judge King

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

## OPINION AND ORDER

Plaintiff in this action challenges the denial of her applications for disability insurance benefits and supplemental security income. In a *Report and Recommendation* issued on August 21, 2009, the United States Magistrate Judge found that the administrative law judge's reliance upon the residual functional capacity assessments of the state agency physicians was misplaced because significant medical evidence, including pulmonary studies, had been generated and made part of the record after those assessments were made.

> Although the administrative law judge recognized
> that evidence was admitted after those assessments,
> the administrative law judge found that the new
> medical evidence "did not provide any credible or
> objectively supported new and material information
> that would alter the [state agency's] findings
> considering the claimant's physical limitations.
> ... [T]he [state agency] physician did take into
> consideration complaints of asthma and there is no
> evidence of new objective findings on physical
> examination."

*Report and Recommendation,* p.6, citing *A.R.* 22. The Magistrate Judge therefore recommended that the decision of the Commissioner be reversed and that the action be remanded for further consideration of the medical evidence. *Id.* This matter is now before the Court on the Commissioner's

*Objections,* Doc. No. 18, to that *Report and Recommendation*, which the Court will consider *de novo*. 28 U.S.C. §636(b); F.R. Civ. P. 72(b).

The Commissioner argues that the *Report and Recommendation* failed to adequately credit the administrative law judge's consideration and assessment of the medical evidence. To the extent that the administrative law judge considered the new medical evidence and the effects of that evidence on plaintiff's ability to engage in work-related activities, the Court concludes that the administrative law judge substituted her "own medical judgment for that of the physician. ..." *See Meece v. Barnhart,* 192 F. App'x 456, 465 (6th Cir. 2006); *see also Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996)("ALJs must not succumb to the temptation to play doctor and make their own independent medical findings").

The Commissioner also contends that, even if the administrative law judge's residual functional capacity assessment was not sufficiently restrictive, the claimant could, surely, nevertheless return to her past sedentary work. *Objections*, p.4. This Court declines to engage in such fact-finding; the determination of this and other issues relating to a claimant's disability is properly left to the Commissioner upon the proper consideration of all of the medical evidence in the case.

Accordingly, the Court concludes that the *Objections* are without merit and they are therefore **DENIED**. The *Report and Recommendation* is hereby **ADOPTED** and **AFFIRMED.** The decision of the Commissioner is **REVERSED** and this matter is hereby **REMANDED** for further consideration of the medical evidence of record.

The Clerk shall **ENTER FINAL JUDGMENT** pursuant to Sentence 4, 42 U.S.C. §405(g).

*s/Algenon L. Marbley*
Algenon L. Marbley
United States District Judge